UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATALYST ADVISORS, L.P.,

               Plaintiff,

-v.-

CATALYST ADVISORS INVESTORS GLOBAL INC. ("CAIG") and CHRISTOS RICHARDS,

               Defendants.

21 Civ. 4855 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Defendants' motion *in limine* to preclude the testimony of Plaintiff's Rule 30(b)(6) witness and two expert witnesses, as well as supporting papers. (Dkt. #69). The Court is also in receipt of Plaintiff's opposition to Defendants' submission (Dkt. #70), as well as Defendants' reply (Dkt. #71).

    To be frank, the Court is a bit surprised by both the timing and content of Defendants' motion. Evidently, Plaintiff was also caught off guard. (Dkt. #70 at 1 ("Defense counsel had multiple opportunities to address concerns or otherwise with the undersigned but opted for a surprise[.]")). The Court presumes that Defendants were aware of the issues discussed in their motion prior to this Court setting a schedule for summary judgment briefing in this case a month ago. (*See* Dkt. #68;). If so, Defendants should have apprised the Court of the contemplated motion at that time.[1] It would have been far

---

[1] To the extent Defendants' motion is really one to exclude expert testimony, this Court's individual rules of practice in civil cases clearly state that such motions "must be made

preferable for both the parties and the Court if the issues raised in the instant motion were briefed in tandem with Defendants' forthcoming motion for summary judgment.

More to the point, Defendants hastily filed their motion without so much as speaking with Plaintiff. Had they, perhaps Plaintiff would have notified Defendants of two issues that Plaintiff now raises with the Court. First, Defendants have not filed a notice of motion. (Dkt. #70 at 2). Second, Defendants' submission may or may not contain information designated as confidential by the protective order in this case. (*Id.*; *see also* Dkt. #71 (recognizing that Defendants' exhibits contain confidential information)). Though Plaintiff has requested that the Court outright deny Defendants' motion or in the alternative set a briefing schedule for the motion and hold a conference, the Court can resolve these issues itself.

To account for the lack of a notice of motion as well as the improper filing of confidential information on the public docket, the Court STRIKES Defendants' submission. (Dkt. #69). If Defendants wish to proceed with their motion at docket entry 69, they shall properly refile the motion, including with confidential exhibits under seal, by **June 29, 2023.** Of course, if Defendants' filing of the motion rested on a misunderstanding of this Court's practices, as suggested by their reply, Defendants may submit a letter by **June 29, 2023**, noting that they do not wish to proceed with the motion until after the Court

---

by the deadline for dispositive motions and should not be treated as motions *in limine*." (Individual Rule 4.G.).

2

rules on their summary judgment motion. If Defendants do not wish to refile the motion, the parties are to adhere to the previously set summary judgment schedule. (Dkt. #68).

If Defendants do wish to move forward with their motion to exclude testimony, the Court will modify the parties' summary judgment schedule to avoid duplicative briefing and to account for any overlap between motions. Defendants shall file their opening motion for summary judgment, not to exceed 25 pages in length, on **August 25, 2023**. Plaintiff shall file its opposition to both the motion for summary judgment and "motion *in limine*", not to exceed 50 pages in length, by **October 13, 2023.** Defendants shall file their combined reply brief for both motions, not to exceed 20 pages, by **November 3, 2023.**

SO ORDERED.

Dated: June 27, 2023
New York, New York

KATHERINE POLK FAILLA
United States District Judge